# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK LEE-PURVIS, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action |
| | : | No. 17-1536 |
| | : | |
| COMM. OF PENNSYLVANIA, *et al.*, | : | |
| Respondents. | : | |

**McHUGH, J.**                                                                                   **July 6, 2018**

## MEMORANDUM

      This is an action seeking a writ of habeas corpus brought by a state prisoner, Mark Lee-Purvis, proceeding *pro se*. Petitioner raises six claims, and I adopt the well-reasoned Report and Recommendation of the Magistrate Judge recommending that the petition be denied. But I will nonetheless address one of the claims separately because I am not certain that waiver of the issue raised can be presumed.

      Petitioner was initially arrested and charged with a violation of the Uniform Firearm Act as a result of another person's cooperation with law enforcement. Although those charges were ultimately dismissed as untimely, Lee-Purvis was convicted of Retaliation against a Witness, Witness Intimidation, Terroristic Threats and Conspiracy, because of several Facebook entries he posted online prior to his pre-trial hearing.

      Petitioner argues that trial counsel was constitutionally ineffective because he failed to move to suppress the Facebook posts under the fruit of the poisonous tree doctrine, on the theory that the evidence resulted from an unlawful arrest.

The Pennsylvania Superior Court did not consider this claim on the merits because it concluded that Petitioner did not comply with Pennsylvania Rules of Appellate Procedure 2119(a) ("Rule 2119(a)"). Accordingly, the Report of the Magistrate Judge recommends that I consider this claim waived on the basis of an independent and adequate procedural state ground. The authority cited in the Report, *Leak v. Dilman*, 594 Fed. App'x 756, 759 (3d Cir. 2014) and *Nguyen v. Wenerowicz*, 2013 WL 6473264, *5 (E.D. Pa. 2013), certainly supports such a conclusion.

But I am concerned that some further inquiry may be required by the Third Circuit's precedential decision in *Rolan v. Coleman*, 680 F.3d 311, 319 (3d Cir. 2012). In *Rolan*, a district court had accepted the state court's conclusion that an issue was waived under Rule 2119(a), but the Court of Appeals rejected this approach and looked to the petitioner's brief before the Pennsylvania Superior Court. Upon review, the Third Circuit concluded that the petitioner "sufficiently identified his claim for the [Superior Court]," and was therefore in substantial compliance with Rule 2119(a), and proceeded to resolve the petition on the merits. 608 F.3d, at 318–19. This suggests that under appropriate circumstances the district court may be obligated to make an independent determination of waiver. *See Charleston v. Gilmore*, 2018 WL 1531682, at *18 (E.D. Pa. 2018).

Mindful of *Rolan,* having reviewed Petitioner's PCRA briefing, I am persuaded that his argument was sufficiently clear to avoid waiver. Rule 2119(a) states that "[t]he argument shall be divided into as many parts as there are questions to be argued, and shall have at the head of each part—distinctive type or type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Petitioner submitted an eight-part brief with a table of contents listing each of the headers and sub-headers.

2

The headers and sub-headers were bolded and separated from the main text by additional spacing. The sub-header for the section advancing the argument for Claim One was consistent with that. In that section, Petitioner set forth detailed factual allegations, with several citations to the record, and cited cases he argued would render the fruit of the poisonous tree doctrine applicable in this context. Against that backdrop, Petitioner sufficiently identified his claim for the Superior Court, thereby substantially complying with Rule 2119(a).

His claim nonetheless fails on the merits. In order to succeed on an ineffective assistance of counsel claim, Lee-Purvis must show both that counsel's representation fell below an objective standard of representation, and that counsel's deficient performance deprived him of a fair trial. *Strickland v.Washington*, 466 U.S. 668, 688 (1984). I conclude that trial counsel's representation was objectively reasonable, and that it did not prejudice Petitioner's defense.

Petitioner's argument that his trial counsel was ineffective for failing to move to suppress the Facebook posts is based on an erroneous premise and otherwise lacks support. It assumes that because the firearms charge was dismissed, other evidence gathered by law enforcement is necessarily tainted as fruit of the poisonous tree. This is incorrect because the mere fact that charges are later dismissed does not mean that there was no probable cause to arrest. Second, as Petitioner himself acknowledges, the Facebook evidence was seized after his arrest as part of a follow-on investigation into potential witness intimidation before his preliminary hearing, and was seized by means of a search warrant. Pet. 36, ECF No. 1 (stating that the Facebook posts appeared prior to the December, 2011 preliminary hearing, and that "Agent Dietz prepared and served a search warrant on Facebook.com"). Petitioner does not proffer any argument that probable cause was lacking for issuance of the warrant, and it is not apparent how trial counsel would have had any good faith basis on which to move for suppression.

For the reasons set forth in the Report and Recommendation, and following this additional analysis as to the merits of claim one, the Petition will be denied in its entirety.

    /s/ Gerald Austin McHugh
United States District Judge